| | |
|---|---|
| Dallas W. Jolley<br>Attorney at Law<br>4707 South Junett St., Suite B<br>Tacoma, WA 98409<br>Office (253) 761-8970<br>Fax (253) 761-7910 | The Honorable Judge Timothy W. Dore<br>Chapter 7<br>Hearing Date: July 20, 2018<br>Hearing Time: 9:30 AM<br>Hearing Location: 700 Stewart St., Rm. 8106<br>Seattle, WA 98101<br>Response Date: July 13, 2018 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>JASON WESLEY DAVIS,<br><br>                Debtor. | Case No.: 15-16254-TWD<br><br>CHAPTER 7<br><br>NOTICE OF MOTION AND HEARING, MOTION TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE DELAY TO ADMINISTER THE ESTATE, DEBTOR'S DECLARATION |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** Debtor Jason Wesley Davis' Motion to Dismiss his Chapter 7 case for Unreasonable Delay to Administer the Estate **IS SET FOR HEARING** as follows:

    JUDGE: Timothy W. Dore                                 DATE: July 20, 2018

    PLACE: United States Courthouse                   TIME: 9:30 AM
                Courtroom 8106
                700 Stewart St.
                Seattle, WA 98101

    IF YOU OPPOSE the Motion, you must file your written response with the court clerk, serve two copies on the Judge's chambers and deliver copies to the undersigned attorney for the

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

PAGE 1 of 7

**Dallas W. Jolley, Jr., Attorney at Law**
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

Case 15-16254-TWD   Doc 105   Filed 06/29/18   Ent. 06/30/18 00:00:28   Pg. 1 of 7

debtor and the U.S. Trustee, NOT LATER THAN the RESPONSE DATE, which is **July 13, 2018.** If you file a response you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE, and strike the hearing.

## **MOTION TO DISMISS**

COMES NOW the Debtor, by and through his attorney of record, Dallas W. Jolley, Jr., on the Dismiss his Chapter 7 case for Unreasonable Delay to Administer and for other reasons. This motion is supported by the Declaration of Debtor, and the following:

1. On October 22, 2015, Debtor filed an individual Chapter 11 bankruptcy with the purpose to prevent a foreclosure of his home, give him time to modify his mortgage, and work out the payment of his other debts. Debtor works for a small money management firm, and his income, though expected to increase, suffered from widely varying income ranging from $7,922 to a high of $21,969 with an average net income of $13,195 between November 2015 to March 2016. His lack of income and failure to prepare and file his past-due income tax returns, file a disclosure statement and plan, and pay quarterly fees to the US Trustee, resulted in his case being converted to Chapter 7. The problem is that at the time he filed his Chapter 11, he owed more on his and his wife's home than what it was worth. Traditionally, the economy of the United States has bounced back after a recession in 6 months, but from 2008 to 2016, the economy languished with little to no growth. As such, Debtor was working hard to just make ends meet.

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

PAGE 2 of 7

**Dallas W. Jolley, Jr., Attorney at Law**
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

Case 15-16254-TWD    Doc 105    Filed 06/29/18    Ent. 06/30/18 00:00:28    Pg. 2 of 7

2. 245 days after the filing of the case, the case was converted to Chapter 7. Since the Debtor had no equity in his home or other assets, embarking on a liquidation was a fruitless effort, but was one the United States Trustee seemed to think was a worthy alternative to dismissal. Again, the problem was that there were no assets with non-exempt equity to liquidate. Debtor informed the Trustee at the Chapter 7 meeting of creditors that he was working on the modification of his mortgage. The Trustee apparently looked at the Debtor's residence and did not see much of an opportunity to squeeze any money out of it. It is now 736 days since the case was converted to Chapter 7, and in January of this year, the Debtor finally obtained a modification of his mortgage and without the ability to negotiate with creditors being in bankruptcy, the Debtor cannot deal with the IRS or even his automobile lenders. The Debtor may now have some equity in his home over two years after his case was converted to Chapter 7, and now the Trustee is acting like he is considering selling the home as he is asking to have his real estate agent look at the home. He has also hired an attorney, Michael Klein, to represent him in moving forward with selling the home and to investigate whether there are any undisclosed assets.

3. Debtor does not believe it was the intent of Congress to allow a Chapter 7 trustee to hold open a case for over two years just waiting for a home to gain some value that had no equity when the case was filed. Essentially, the Chapter 7 Trustee has held the Debtor hostage in bankruptcy, preventing the Debtor from moving forward with his financial life.

4. Normally, the U.S. Trustee or the Court moves to dismiss a case because of various actions or inactions of the Debtor. Not filing schedules, not appearing at the meeting of creditors, or doing other things that would cause an unreasonable delay for the Trustee to carry

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

PAGE 3 of 7

Dallas W. Jolley, Jr., Attorney at Law
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

Case 15-16254-TWD    Doc 105    Filed 06/29/18    Ent. 06/30/18 00:00:28    Pg. 3 of 7

out his purposes. One could hardly argue that this Debtor has prevented the Chapter 7 Trustee from doing his job. Now that the Trustee is having his real estate broker again look at the property at this late date would make any debtor in this Debtor's position nervous about having his house sold just when he has convinced his mortgage company that he is worthy of a loan modification. Debtor and his wife and children want to continue to reside in their home.

5. Normally, the facts going into a case regarding equity at the time of filing is the point the Court looks to see whether there is a justification for a liquidation of the home. For the Trustee to move to sell the Debtor's family home at this late date ignores the equities of bankruptcy. One should not get a head start because of a bankruptcy, but for a Trustee to wait it out for a recession to get behind the country so that when the Debtor finally is seeing his financial life turn around, the hibernating Trustee sweeps in and takes the post-petition equity gained for a case that was a no-asset case at filing and later at conversion that has been held open artificially simply because the Trustee anticipated a turn-around in the housing market.

6. "Can the Debtor obtain a fresh start outside a bankruptcy?" is a question some courts have asked. Debtor's debt consists of student loans he must pay, and car loans on cars that have depreciated just like all vehicles do, and estimate tax debt. The Debtor does have some federal income tax debt, but there apparently are no federal tax liens. The Debtor believes that when he has the opportunity to work with the IRS, then the tax debt estimated by the IRS during the Chapter 11 will be greatly reduced; being in Chapter 7 does not allow the IRS to work with the Debtor for an offer in compromise or any other negotiated settlement.

7. "Can the Debtor pay his creditors outside of bankruptcy?" is another question to be asked at this time. Because of a previous discharge, the bankruptcy will not help the Debtor

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

PAGE 4 of 7

**Dallas W. Jolley, Jr., Attorney at Law**
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

Case 15-16254-TWD    Doc 105    Filed 06/29/18    Ent. 06/30/18 00:00:28    Pg. 4 of 7

get out of debt. So can he pay his creditors outside of bankruptcy? The home mortgage is now modified, so that is not a problem for the Debtor. The Debtor will have to work with the IRS about the Debt he and his wife owes to them, but in Chapter 7, that provides him no relief and money for the IRS. Debtor would be better able to settled with all of his creditors outside of Chapter 7 and do so at a reduced amount because if he sold his own house, he could avoid the Chapter 7 Trustee's multi-layered commission for selling the home, leaving less for everyone. Debtor also has had increasing income, which would help him pay on his debts, which are primarily income tax and student loans.

8. "Does dismissing the Debtor's case prejudice creditors?" While the Trustee may be able to sell the Debtor's home and gain some funds to pay creditors, doing so would only happen because the Trustee artificially held the case open in disregard to the fact that no equity was present at the time the case became a Chapter 7. During June 2016, when the case was converted to Chapter 7, the home's fair market value was under $1.2 million, with a county appraised value of $1,018,000.00 for tax year 2016. For tax year 2018, the county appraises the home at $1,187,000.00. The mortgage modification lists the loan balance at $1,314,104.15. The Debtor and his wife signed the loan modification on January 9, 2017, but it took the mortgage company until January 25, 2018 to sign the document. The Debtor worked long and hard to qualify for the loan modification.

9. Was the Debtor attempting to abuse the bankruptcy process when he filed his case, or acted in bad faith? He had filed bankruptcies in the past. But we have lived in a time over the past few years that saw no positive growth, which has made it quite difficult for a person to reorganize. People who have had good businesses and steady commissions for years

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

PAGE 5 of 7

**Dallas W. Jolley, Jr., Attorney at Law**
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

Case 15-16254-TWD    Doc 105    Filed 06/29/18    Ent. 06/30/18 00:00:28    Pg. 5 of 7

have seen no growth or negative growth. This Debtor, a money manager, has had a tough time because people had moved into cash positions for fear of loss, greatly reducing money under management.

10. As the Debtor had received a discharge in a past bankruptcy, he will get no relief from this bankruptcy and this will also be true for his car loans, his student loans, his mortgage and his IRS debt will continue once his case is closed. The sale of his family home may pay some of his debts, but is that equitable for the Debtor? The delay of the closing of the case by the Trustee just to see whether the Debtor's home would appreciate is inequitable. A report of no distribution should be issued when there are no assets presently available to be liquidated unless a personal injury or other such asset needs to be settled, not just waiting it out to see if assets appreciate.

WHEREFORE, Debtor requests the Court to enter an order dismissing his Chapter 7 case. Respectfully Submitted this June 29, 2018.

/s/ Dallas W. Jolley, Jr._____
Dallas W. Jolley, Jr., WSBA No. 22957
Attorney for Debtor

## DECLARATION OF DEBTOR

I, Jason Wesley Davis, have requested that my attorney prepare the above motion to dismiss my Chapter 7 case. I have languished here in this Chapter 7 case for over two years, and I had the good fortune to modify the mortgage to our home in January of this year. It took the mortgage company over a year to just sign their proposed modification agreement. The Trustee suggested that if I modified the mortgage of my home, then he would not pursue selling it. I have finally modified the loan, but now the Trustee is gearing up to sell our family home. This, to me, is unfair, because having been held in an open Chapter 7 for over two years has prevented me from

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

PAGE 6 of 7

**Dallas W. Jolley, Jr., Attorney at Law**
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

Case 15-16254-TWD    Doc 105    Filed 06/29/18    Ent. 06/30/18 00:00:28    Pg. 6 of 7

working with my creditors--car lenders, the IRS, and my other creditors. I have been in financial limbo during these two years.

As a money manager, I can't hold on to an investor's money if I am not bringing a good return on their investment and have they requested their investment shares be liquidated and the proceeds turned over to them; I can't hold their invested capital hostage just because I hope for an uptick to the markets. At the time the Trustee interviewed me at the meeting of creditors, I had no equity in any of my assets. My case was a no-asset case, using bankruptcy terminology.

I therefore, respectfully request that my case be dismissed so I can keep my house for my wife and kids, and I will deal with my creditors because there will be no stay to prevent me from doing so.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 29th day of June, 2018.

/s/Jason Wesley Davis
Jason Wesley Davis, Debtor

NOTICE OF MOTION AND HEARING, MOTION
TO DISMISS CHAPTER 7 CASE FOR UNREASONABLE
DELAY TO ADMINISTER THE ESTATE

**Dallas W. Jolley, Jr., Attorney at Law**
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (206) 686-7653

PAGE 7 of 7

Case 15-16254-TWD    Doc 105    Filed 06/29/18    Ent. 06/30/18 00:00:28    Pg. 7 of 7