THE HONORABLE TIMOTHY W. DORE
Chapter 7
Place: 700 Stewart St., Court Room 8106
        Seattle, WA 98101
Hearing Date: July 20, 2018
Time: 9:30 a.m.
Response Date: July 13, 2018

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Jason Wesley Davis,<br><br>                   Debtor. | No. 15-16254<br><br>TRUSTEE'S RESPONSE AND OPPOSITION TO DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE |

The trustee, Ronald G. Brown, by and through his attorney, Michael P. Klein, responds to the debtor's motion to dismiss this Chapter 7 case as follows.

   A. <u>The debtor's failure to cite any legal authority for his requested relief is sufficient to deny his motion to dismiss.</u>

The debtor simply fails to cite any statute or legal authority that would allow him to seek dismissal based on "unreasonable delay." For that reason alone, the motion to should not be granted.

In any event, unreasonable delay does not support the debtor's motion to dismiss. The debtor's attempt to blame the trustee for any delay is misplaced. There simply is no evidence that he did so for the purpose of waiting until the home gained value. Simply stating so does not make it so. At most, the statements by the debtor and debtor's counsel are speculative.

TRUSTEE'S RESPONSE AND OPPOSITION
TO DEBTOR'S MOTION TO DISMISS
CHAPTER 7 CASE - 1

**Michael P. Klein**
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Delay is in fact grounds for <u>not</u> dismissing this case and keeping it open. Dismissal is not warranted because creditors may be prejudiced after the passage of considerable amount of time because they have been prevented from collecting amounts owed to them while in bankruptcy. <u>In re Smith</u>, 507 F.3d 64, 72 (2nd Cir. 2007).

Furthermore, there are safeguards in place that are readily available for the debtor to take advantage of. Those safeguards include the ability of the debtor to move for abandonment at the outset of the case, in order to remove assets with limited equity or no equity from the bankruptcy estate. <u>See</u>, <u>In re Chappell</u>, 373 B.R. 73, 82–83 (B.A.P. 9th Cir. 2007), aff'd sub nom. <u>In re Gebhart</u>, 621 F.3d 1206 (9th Cir. 2010). The debtor filed Chapter 11 on October 22, 2015 (doc. #1) and the case was converted on June 23, 2016 (doc. #46). During that time, the debtor, acting as debtor in possession, had most of the powers of a trustee and could have moved for abandonment, but did not do so. In addition, while in Chapter 7, the debtor could have filed a motion to compel abandonment pursuant to 11 U.S.C. §554(b).

B. <u>The debtor has not established "cause" for dismissal pursuant to 11 U.S.C. § 707(a).</u>

The right to voluntarily dismiss a chapter 7 case is not absolute. A debtor must establish "cause" for dismissal under 11 U.S.C. § 707(a). <u>In re Smith</u>, 507 F.3d 64, 72 (2d Cir. 2007); <u>In re Hickman</u>, 384 B.R. 832, 840 (9th Cir. BAP 2008). "Cause" is not defined in 11 U.S.C. § 707(a). <u>Id.</u> According to the 9th Circuit BAP, " the totality of the circumstances" should be considered in evaluating cause for dismissal and plain legal prejudice. <u>Hickman</u> at 840. The debtor bears the burden of proof. <u>Id.</u> at 841. Some courts have considered the following factors:

    1. whether all of the creditors have consented;
    2. whether the debtor is acting in good faith;
    3. whether dismissal would result in a pre-judicial delay in payment;
    4. whether dismissal would result in a reordering of priorities;
    5. whether there is another proceeding through which the payment of claims can be handled;
    6. whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

TRUSTEE'S RESPONSE AND OPPOSITION
TO DEBTOR'S MOTION TO DISMISS
CHAPTER 7 CASE - 2

**Michael P. Klein**
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 15-16254-TWD   Doc 108   Filed 07/13/18   Ent. 07/13/18 14:09:33   Pg. 2 of 10

See In re Timmerman, 379 B.R. 838, 845 (Bankr.N.D.Iowa 2007); In re Maixner, 288 B.R. 815, 817 (8th Cir. BAP 2003); In re Hopper, 404 B.R. 302, 308 (Bkrtcy.N.D.Ill. 2009) (court denied debtor's request to dismiss notwithstanding the debtor's mistaken belief that her residence would be completely exempt and despite the debtor's claim that she had the ability and intent to pay creditors outside of bankruptcy); In re Jabarin, 395 B.R. 330 (Bankr. E.D.Pa. 2008)(noting that the tests are generally the same no matter what factors are considered).   Considering the factors noted above, the debtor motion should be denied for the following reasons:

First, because there is no evidence that all creditors have consented to dismissal, this factor weighs against the debtor.

Second, the debtor has not entirely been acting in good faith.    This is the fourth bankruptcy case that the debtor has had since 2009.   (doc. #25) Declaration of Young-Mi Petteys, p. 2, line 1-7.   By filing bankruptcy so many times, it is clear that the debtor has consistently created a pattern of delay.

Third, dismissal would result in prejudicial delay in payment to creditors.   There is no dispute that the debtor has the stated desire to pay his creditors, but that alone is deficient.    There is no assurance that the debtor has the ability to pay any creditors outside of bankruptcy. No proof, such as financial statements, past pay stubs or the like, have been presented to demonstrate income.   He has also not demonstrated what he anticipates his expenses to be in the future.    Without some proof of income and expenses, there is no assurance that he will have the ability to pay any creditors.

Conversely, there is assurance that the trustee will pay creditors if this case remains in bankruptcy.   The sale of the debtor's home will most likely generate funds that will allow creditors to be paid. See Declaration of Real Estate Broker Kai Rainey.   The debtor agrees that may happen.    "Legal prejudice is found to exist where assets which would otherwise be available to creditors are lost because of the dismissal." Hopper, at 307.    The debtor admits that there was no equity in the home when he filed bankruptcy or at the time the

TRUSTEE'S RESPONSE AND OPPOSITION
TO DEBTOR'S MOTION TO DISMISS
CHAPTER 7 CASE - 3

**Michael P. Klein**
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

case was converted. The debtor listed the home as having a value of 1,182,399.00 with secured debt of 1,283,460.00. See Balance of Schedules (doc. #55) filed on July 11, 2016. The debtor did not claim an exemption in the home.

The debtor has not set forth a plan of how, when or in what priority he will pay secured creditors, priority creditors first and general unsecured creditors. The debtor simply claims that he will "deal with his creditors." That is no assurance, just an empty promise at most. "Absent court oversight of payment [of creditors by the debtor], creditors are prejudiced. They bear the risk of not being paid, a very unlikely risk in a chapter 7 case. The method for insuring payment of creditors out of any non-exempt portion of the estate's assets is through administration under the trustee system." In re Fulton, 339 B.R. 698, 701 (Bankr.N.D.Iowa 2006). See also In re Bartee, 317 B.R. 362, 366 (9th Cir. BAP 2004)( "debtors' plan for liquidating assets was too speculative to establish the lack of prejudice that is a prerequisite to dismissal.").

Furthermore, the debtor claims that "during June 2016, when the case was converted to Chapter 7, the home's fair market value was under $1.2 million…" See Debtor's Notice of Motion and Hearing…, p. 5, line 12 – 14. However, what the debtor does not point out is that any increase in value in the home goes to the benefit of the estate. The Ninth Circuit has clearly stated:

> The bankruptcy code states that a bankruptcy estate is comprised of:
>
>> Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
>
> 11 U.S.C. §541(a)(6). We interpret this language to mean that appreciation enures to the bankruptcy estate, not the debtor.

In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991) (internal citations omitted)(emphasis added). Reed therefore created a bright-line rule. When the bankruptcy estate retains an interest in property, all appreciation of such property enures to the benefit of the estate. This is consistent with statutory construction. No matter what

TRUSTEE'S RESPONSE AND OPPOSITION
TO DEBTOR'S MOTION TO DISMISS
CHAPTER 7 CASE - 4

**Michael P. Klein**
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

the general provisions of the rest of the Bankruptcy Code state, since §541(a)(6) is so specific it prevails over any other general provisions that could be interpreted to the contrary. "It is a well-settled principle of construction that specific terms covering the given subject-matter will prevail over general language of the same or another statute which might otherwise prove controlling." <u>Kepner v. U.S.</u>, 195 U.S. 100, 24 S.Ct. 797, ____ (1904). It is also consistent with the "snapshot rule" that exemptions and value must be determined on the date of filing as set forth in the case of <u>In re Jacobson</u>, 676 F.3d 1193 (9th Cir. 2012). Since, the debtor did not have any equity in the property at the date of filing, there was nothing to exempt. Therefore, any increase in value goes to the estate to pay creditors.

Fourth, there is no assurance that dismissal would not result in a reordering of priorities. While in Chapter 7, there is assurance that the trustee will pay creditors according to the priorities pursuant to 11 U.S.C. §726 under the supervision of the Court and the United States Trustee. Creditors have filed claims as set forth in the claims register. See copy of claims register attached as Exhibit A. The claims are a mix bag of priority, secured and general unsecured claims.

Fifth, the debtor has not identified any other proceeding through which the payment of claims can be handled.

Sixth, there is no objection to discharge, an objection to exemptions, or a preference claim is pending.

## II. <u>Conclusion</u>

Wherefore, the trustee seeks an order consistent with the foregoing.

DATED this __13th__ day of July, 2018.

        /s/Michael P. Klein_____
        Michael P. Klein, WSBA #18079
        Attorney for Chapter 7 Trustee

TRUSTEE'S RESPONSE AND OPPOSITION
TO DEBTOR'S MOTION TO DISMISS
CHAPTER 7 CASE - 5

**Michael P. Klein**
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 15-16254-TWD    Doc 108    Filed 07/13/18    Ent. 07/13/18 14:09:33    Pg. 5 of 10

# Western District of Washington
# Claims Register

**Exhibit A**

### 15-16254-TWD Jason Wesley Davis Converted 06/23/2016

**Judge:** Timothy W. Dore    **Chapter:** 7
**Office:** Seattle    **Last Date to file claims:** 03/06/2017
**Trustee:** Ronald G. Brown    **Last Date to file (Govt):**

| Creditor: (955641030) Internal Revenue Service Centralized Insolvency Operati PO Box 21126 Philadelphia, PA 19114-0326 | **Claim No: 1** Original Filed Date: 11/18/2015 Original Entered Date: 11/18/2015 | Status: Filed by: CR Entered by: Internal Revenue Service Modified: |

| Amount claimed: | $174823.23 |
| Secured claimed: | $0.00 |
| Priority claimed: | $103561.76 |

*History:*
Details | 1-1 | 11/18/2015 | Claim #1 filed by Internal Revenue Service, Amount claimed: $174823.23 (Internal Revenue Service)

*Description:*
*Remarks:* (viewable to the court staff)

| Creditor: (955684957) Capital One Bank (USA), N.A. PO Box 71083 Charlotte, NC 28272-1083 | **Claim No: 2** Original Filed Date: 12/08/2015 Original Entered Date: 12/08/2015 | Status: Filed by: CR Entered by: American InfoSource LP Modified: |

| Amount claimed: | $421.01 |

*History:*
Details | 2-1 | 12/08/2015 | Claim #2 filed by Capital One Bank (USA), N.A., Amount claimed: $421.01 (American InfoSource LP)

*Description:*
*Remarks:* (viewable to the court staff)

| Creditor: (955712738) PUGET SOUND ENERGY Vendor Collections DeptBOT-02G PO BOX 97034 Bellevue, WA 98009-7034 | **Claim No: 3** Original Filed Date: 01/19/2016 Original Entered Date: 01/19/2016 | Status: Filed by: CR Entered by: WebClaimUser Modified: |

| Amount claimed: | $1941.85 |

*History:*
Details | 3-1 | 01/19/2016 | Claim #3 filed by PUGET SOUND ENERGY, Amount claimed: $1941.85 (WebClaimUser)

*Description:* (3-1) Account Number (last 4 digits):7321
*Remarks:* (viewable to the court staff)

| Creditor: (955717542)<br>United States Trustee<br>700 Stewart Street<br>Suite 5103<br>Seattle, WA 98101 | **Claim No: 4**<br>Original Filed Date: 01/25/2016<br>Original Entered Date: 01/25/2016 | Status:<br>Filed by: CR<br>Entered by: Karen UST Staff - Gunter<br>Modified: |
|---|---|---|

Amount claimed: $2608.17

History:
| Details | 4-1 | 01/25/2016 | Claim #4 filed by United States Trustee, Amount claimed: $2608.17 (UST Staff - Gunter, Karen) |
|---|---|---|---|

Description: (4-1) General Unsecured Claim
Remarks: (viewable to the court staff)

| Creditor: (955733240)<br>Capital One Auto Finance, division Capital One NA<br>P.O. Box 201347<br>Arlington, TX 76006 | **Claim No: 5**<br>Original Filed Date: 02/10/2016<br>Original Entered Date: 02/10/2016 | Status:<br>Filed by: CR<br>Entered by: WebClaimUser<br>Modified: |
|---|---|---|

Amount claimed: $19009.11
Secured claimed: $18000.00

History:
| Details | 5-1 | 02/10/2016 | Claim #5 filed by Capital One Auto Finance, division Capital One NA, Amount claimed: $19009.11 (WebClaimUser) |
|---|---|---|---|

Description: (5-1) Account Number (last 4 digits):4278
Remarks: (viewable to the court staff)

| Creditor: (955795137)<br>Navient Solutions Inc.<br>220 Lasley Ave<br>Wilkes-Barre, PA 18706 | **Claim No: 6**<br>Original Filed Date: 04/05/2016<br>Original Entered Date: 04/05/2016 | Status:<br>Filed by: CR<br>Entered by: Sallie Mae<br>Modified: |
|---|---|---|

Amount claimed: $106652.98

History:
| Details | 6-1 | 04/05/2016 | Claim #6 filed by Navient Solutions Inc., Amount claimed: $106652.98 (Sallie Mae) |
|---|---|---|---|

Description:
Remarks: (viewable to the court staff)

| Creditor: (955733240)<br>Capital One Auto Finance, division Capital One NA<br>P.O. Box 201347<br>Arlington, TX 76006 | **Claim No: 7**<br>Original Filed Date: 04/05/2016<br>Original Entered Date: 04/05/2016 | Status:<br>Filed by: CR<br>Entered by: WebClaimUser<br>Modified: |
|---|---|---|

History:
| Details | 7-1 | 04/05/2016 | Claim #7 filed by Capital One Auto Finance, division Capital One NA, Amount claimed: $22961.99 (WebClaimUser) |
|---|---|---|---|

Description: (7-1) Account Number (last 4 digits):1581
Remarks: (viewable to the court staff)

| Amount | claimed: | $22961.99 |
| Secured | claimed: | $22961.99 |

History:

| Details | | 7-1 | 04/05/2016 | Claim #7 filed by Capital One Auto Finance, division Capital One NA, Amount claimed: $22961.99 (WebClaimUser) |

Description: (7-1) Account Number (last 4 digits):1581

Remarks: (viewable to the court staff)

---

Creditor:   (955717542)
United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101

Claim No: 8
Original Filed Date: 06/30/2016
Original Entered Date: 06/30/2016

Status:
Filed by: CR
Entered by: Karen UST Staff - Gunter
Modified:

| Amount | claimed: | $1626.84 |
| Priority | claimed: | $1626.84 |

History:

| Details | | 8-1 | 06/30/2016 | Claim #8 filed by United States Trustee, Amount claimed: $1626.84 (UST Staff - Gunter, Karen) |

Description: (8-1) Administrative Proof of Claim

Remarks: (viewable to the court staff)

---

Creditor:   (956008585)
Capital One Auto Finance,
a division of Capital One, N.A.
P.O. Box 165028
Irving, TX 75016

Claim No: 9
Original Filed Date: 12/16/2016
Original Entered Date: 12/16/2016

Status:
Filed by: CR
Entered by: WebClaimUser
Modified:

| Amount | claimed: | $34357.56 |
| Secured | claimed: | $34357.56 |

History:

| Details | | 9-1 | 12/16/2016 | Claim #9 filed by Capital One Auto Finance,, Amount claimed: $34357.56 (WebClaimUser) |

Description: (9-1) Account Number (last 4 digits):3497

Remarks: (viewable to the court staff)

---

Creditor:   (956009697)
Navient Solutions, Inc.
P.O. Box 9640
Wilkes-Barre, PA 18773-9640

Claim No: 10
Original Filed Date: 12/19/2016
Original Entered Date: 12/19/2016

Status:
Filed by: CR
Entered by: Sallie Mae
Modified:

| Amount | claimed: | $24701.29 |

History:

| Details | | 10-1 | 12/19/2016 | Claim #10 filed by Navient Solutions, Inc., Amount claimed: $24701.29 (Sallie Mae) |

Description:

Remarks: (viewable to the court staff)

| Creditor: (956009697) Navient Solutions, Inc. P.O. Box 9640 Wilkes-Barre, PA 18773-9640 | Claim No: 11 Original Filed Date: 12/19/2016 Original Entered Date: 12/19/2016 | Status: Filed by: CR Entered by: Sallie Mae Modified: |
|---|---|---|
| Amount claimed: $46941.88 | | |
| History: | | |
| Details  11-1  12/19/2016  Claim #11 filed by Navient Solutions, Inc., Amount claimed: $46941.88 (Sallie Mae) | | |
| Description: | | |
| Remarks: (viewable to the court staff) | | |

| Creditor: (955712738) PUGET SOUND ENERGY Vendor Collections DeptBOT-02G PO BOX 97034 Bellevue, WA 98009-7034 | Claim No: 12 Original Filed Date: 01/11/2017 Original Entered Date: 01/11/2017 | Status: Filed by: CR Entered by: WebClaimUser Modified: |
|---|---|---|
| Amount claimed: $3416.12 | | |
| History: | | |
| Details  12-1  01/11/2017  Claim #12 filed by PUGET SOUND ENERGY, Amount claimed: $3416.12 (WebClaimUser) | | |
| Description: (12-1) Account Number (last 4 digits):7321 | | |
| Remarks: (viewable to the court staff) | | |

## Claims Register Summary

**Case Name:** Jason Wesley Davis
**Case Number:** 15-16254-TWD
**Chapter:** 7
**Date Filed:** 10/22/2015
**Total Number Of Claims:** 12

| Total Amount Claimed* | $439462.03 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $75319.55 | |
| **Priority** | $105188.60 | |
| **Administrative** | | |

### PACER Service Center

**Transaction Receipt**

07/13/2018 09:27:26

| PACER Login: | kl0083:2581535:0 | Client Code: | |
|---|---|---|---|
| Description: | Claims Register | Search Criteria: | 15-16254-TWD Filed or Entered From: 1/1/1980 Filed or Entered To: 7/13/2018 |
| Billable Pages: | 2 | Cost: | 0.20 |