THE HONORABLE TIMOTHY W. DORE
Chapter 7
Place:   700 Stewart St., Court Room 8106
         Seattle, WA 98101
Hearing Date:   August 24, 2018
Time:           9:30 a.m.
Response Date:  August 17, 2018

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

Jason Wesley Davis,

               Debtor.

CASE NO. 15-16254

TRUSTEE'S AMENDED OBJECTION TO HOMESTEAD EXEMPTION

## I. OBJECTION

The trustee, Ronald G. Brown, by and through his attorney, Michael P. Klein, seeks an order sustaining the trustee's objection to the debtor's claim of homestead exemption as follows. The debtor has no basis to claim a homestead exemption at this late date. There simply was no value in the home to exempt at the time this case was filed. And, any increase in value enures to the benefit of the estate and not the debtor. The debtor filed a Chapter 11 petition on October 25, 2017. The original schedules were filed on November 10, 2015. See Schedules A, B and C, attached as Exhibit 1. According to Schedule A, the debtor claimed that the home had a value of $1,182,399.00 on the date of filing. Schedule D stated that the home had secured claims against it of $1,283,460.00. The debtor utilized the federal exemptions and did not claim a homestead exemption on Schedule C pursuant to 11 U.S.C. §522(d)(1). On June 23, 2016, the case was converted to Chapter 7 and Ronald G. Brown was appointed trustee. The order to file post-conversion schedules was likewise entered on June 23, 2016. On July 11, 2016, the debtor filed schedules and valued the home at the same value, $1,182,399.00, as was initially stated when the case was filed. See post-conversion schedules, attached as Exhibit 2. The amount of the secured claim remained the same and the debtor did not file a homestead exemption. One day before the hearing to consider the debtor's motion to abandon, the debtor filed an amended

TRUSTEE'S AMENDED OBJECTION TO
HOMESTEAD EXEMPTION - 1

MICHAEL P. KLEIN
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Schedule C and claimed an exemption of $125,000.00. See copy of amended Schedule C, attached as Exhibit 3. The debtor still claims that the home has a value of only $1,182,399.00. The testimony by the Kai Rainey, real estate broker for RE/MAX, is that the property now has a value of $1,650,000.00 and, after costs of sale (commission, excise tax, title and escrow fees), would leave approximately $1,500,000.00. Declaration of Real Estate Broker Kai Rainey, p. 2, lines 14 – 15. That would be enough to pay administrative claims and most of the priority claims of the IRS and the United States Trustee.

The Ninth Circuit has clearly stated that any increase in value benefits the estate:

The bankruptcy code states that a bankruptcy estate is comprised of:

> Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. §541(a)(6). We interpret this language to mean that appreciation enures to the bankruptcy estate, not the debtor.

In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991) (internal citations omitted)(emphasis added). Reed therefore created a bright-line rule. When the bankruptcy estate retains an interest in property, all appreciation of such property enures to the benefit of the estate. This is consistent with statutory construction. No matter what the general provisions of the rest of the Bankruptcy Code provide, since §541(a)(6) is so specific it prevails over any other general provisions that could be interpreted to the contrary. "It is a well-settled principle of construction that specific terms covering the given subject-matter will prevail over general language of the same or another statute which might otherwise prove controlling." Kepner v. U.S., 195 U.S. 100, 24 S.Ct. 797, ____ (1904). It is also consistent with the "snapshot rule" that exemptions and value must be determined on the date of filing as set forth in the case of In re Jacobson, 676 F.3d 1193 (9th Cir. 2012). Since, the debtor did not have any equity in the

TRUSTEE'S AMENDED OBJECTION TO
HOMESTEAD EXEMPTION - 2

MICHAEL P. KLEIN
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 15-16254-TWD    Doc 117    Filed 07/30/18    Ent. 07/30/18 17:51:14    Pg. 2 of 3

property at the date of filing, there was no value to exempt. Therefore, any increase in value goes to the estate to pay creditors.

## II. CONCLUSION

Wherefore, the Chapter 7 trustee seeks an order denying the debtor a homestead exemption or at an amount of zero.

Dated: July 26, 2018

                 /s/ Michael P. Klein
              Michael P. Klein, WSBA#18079
              Attorney for Chapter 7 Trustee

TRUSTEE'S AMENDED OBJECTION TO
HOMESTEAD EXEMPTION - 3

MICHAEL P. KLEIN
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638