THE HONORABLE TIMOTHY W. DORE
Chapter 7
Place: 700 Stewart St., Court Room 8106
Seattle, WA 98101
Hearing Date: October 19, 2018
Time: 9:30 a.m.
Response Date: October 12, 2018

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>Jason Wesley Davis,<br><br>                Debtor. | CASE NO. 15-16254<br><br>TRUSTEE'S RESPONSE REGARDING MOTION TO ABANDON |

## I. RESPONSE TO MOTION TO ABANDON

Pursuant to 11 U.S.C. § 554(b), the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate in order to approve a motion to abandon property. In re Vu, 245 B.R. 644, 647 (9th Cir.BAP 2000). An order compelling abandonment is the exception, not the rule. Id. (citing the Sixth Circuit Court of Appeals, Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.), 816 F.2d 238, 246 (6th Cir.1987)). Abandonment is not appropriate pursuant to 11 U.S.C. §554(b) as more fully explained below.

   1. First of all, the property is not burdensome to the estate. There are no carrying costs to list this property. The estate will only be subject to fees and costs, including trustee's, attorney's, accountant's and real estate fees if there is a sale. If there is no sale, the estate will not be subject to any fees or costs. The debtor has not submitted any facts that would indicate that it would be burdensome to the estate to continue marketing the property. The debtor may consider the marketing of the property burdensome to him, but that is not a factor to be considered for a motion to compel abandonment.

TRUSTEE'S RESPONSE REGARDING MOTION TO ABANDON - 1

MICHAEL P. KLEIN
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 15-16254-TWD    Doc 134    Filed 10/12/18    Ent. 10/12/18 18:00:18    Pg. 1 of 3

2. <u>Second, the property has value and will benefit creditors when it is sold.</u>  The trustee's real estate broker, Kai Rainey, has testified previously that after costs of sale, the amount available would leave the estate approximately $1.5 million. See Declaration of Real Estate Broker Kai Rainey, dated July 13, 2018, p. 2, lines 14 – 15 (dkt. #109)and supplemental Declaration, dated August, 20, 2018, p. 2, line 8 (dkt. #121). With a mortgage balance estimated to be $1,283,460.00, that would leave the estate $216,540.00 to pay administrative creditors and the priority claim of the IRS. Since the trustee's compensation is calculated as a commission based on the payments to all creditors pursuant to 11 U.S.C. §326(a), the maximum amount that the trustee would be entitled to is $68,250.00. Administrative expenses for the trustee's attorney and accountant should not exceed $12,000.00. Therefore, up to $80,250.00 should be available to pay the IRS priority claim of $103,561.76.  It is not apparent if the debtor has filed amended returns.  Presumably, he would claim less.  In that case, it is not inconceivable that the priority IRS unsecured claim would be paid in full.

The trustee requests a bit more time to market the property.  The average time to market and receive an offer can vary widely.  Since the complexity of marketing real estate, it is not uncommon to take more than a month to receive an offer and sometime beyond six months.  That is why the trustee requests additional time.  The trustee's real estate broker, Kai Rainey, suggests that it is not unreasonable to have the property on the market until the end of January 2019 to generate an offer. Declaration of Realtor Kai Rainey, dated October 12, 2018, p. 2, lines 8 – 18.  As noted by the 9th Circuit BAP in <u>Vu</u>,

> nothing in the Code required that a trustee demonstrate in advance of attempting a sale that the sale price will exceed all costs and encumbrances. The court [*Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316, 1321 (9th Cir.1992)] stated that
>
>> [t]he sale of encumbered property is a relatively complex financial transaction and the trustee cannot be certain of what he will reap until he has taken bids on the property. Some of the variables involved are known in advance, such as the amounts of the

TRUSTEE'S RESPONSE REGARDING MOTION TO ABANDON   - 2

MICHAEL P. KLEIN
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA  98110
(206) 842-3638

Case 15-16254-TWD    Doc 134    Filed 10/12/18    Ent. 10/12/18 18:00:18    Pg. 2 of 3

homestead exemption and encumbrances. Other variables remain unknown until the bids are in, such as the sale price and, to a lesser extent, the sale costs.

Id. Importantly, the court stated that "[i]n making these calculations, the relevant figure is the actual sale price of the property, not the value of the property listed by the debtor on his schedule of assets." Id. at 1320 n. 9.

In the alternative, the trustee requests that this court wait to make a ruling until the In re Wilson case is decided on appeal by the 9th Circuit Court of Appeals. It may well become a seminal case that will have a significant impact on how Chapter 7 cases are administered in the future.

## II. CONCLUSION

Wherefore, the Chapter 7 trustee until the end of January 2019 to see if he can generate an offer that will provide sufficient funds to pay creditors.

Dated: October 12, 2018

    /s/ Michael P. Klein
Michael P. Klein, WSBA#18079
Attorney for Chapter 7 Trustee

TRUSTEE'S RESPONSE REGARDING MOTION TO ABANDON - 3

MICHAEL P. KLEIN
Attorney at Law
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638